1

2

3

4

5

6                          **UNITED STATES DISTRICT COURT**

7                              **DISTRICT OF NEVADA**

8

9    RONALD R. SANTOS,                   )
                                          )
10                  Petitioner,           )          3:02-cv-00654-ECR-VPC
                                          )
11   vs.                                  )
                                          )          **ORDER**
12   E.K. McDANIEL, *et al.*,             )
                                          )
13                  Respondents.          )
     _____/

14

15          The Court has entered an Order (docket #28) denying the habeas corpus petition in

16   this action, and judgment was entered the same day (docket #29).  Petitioner filed a Notice of Appeal

17   (docket #30).

18          Petitioner then filed an Application for Certificate of Appealability (docket #31).

19   Respondents opposed the Application for Certificate of Appealability (docket #32).

20          The standard for issuance of a certificate of appealability calls for a "substantial

21   showing of the denial of a constitutional right."  28 U.S.C. § 2253(c).  The Supreme Court

22   interpreted 28 U.S.C. § 2253(c) as follows:

23                  Where a district court has rejected the constitutional claims on
                     the merits, the showing required to satisfy §2253(c) is straightforward:
24                  The petitioner must demonstrate that reasonable jurists would find the
                     district court's assessment of the constitutional claims debatable or
25                  wrong.  The issue becomes somewhat more complicated where, as
                     here, the district court dismisses the petition based on procedural
26                  grounds.  We hold as follows: When the district court denies a habeas

1   petition on procedural grounds without reaching the prisoner's underlying
    constitutional claim, a COA should issue when the prisoner shows, at least,
2   that jurists of reason would find it debatable whether the petition states a valid
    claim of the denial of a constitutional right and that jurists of reason would
3   find it debatable whether the district court was correct in its procedural ruling.

4   *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also James v. Giles*, 221 F.3d 1074, 1077-79

5   (9th Cir. 2000).  The Supreme Court further illuminated the standard for issuance of a certificate of

6   appealability in *Miller-El v. Cockrell*, 537 U.S. 322 (2003).  In that case, the Court stated:

7   We do not require petitioner to prove, before the issuance of a COA,
    that some jurists would grant the petition for habeas corpus. Indeed, a
8   claim can be debatable even though every jurist of reason might agree,
    after the COA has been granted and the case has received full
9   consideration, that petitioner will not prevail. As we stated in *Slack*,
    "[w]here a district court has rejected the constitutional claims on the
10  merits, the showing required to satisfy § 2253(c) is straightforward:
    The petitioner must demonstrate that reasonable jurists would find the
11  district court's assessment of the constitutional claims debatable or
    wrong."

12

13  *Miller-El*, 537 U.S. at 338 (quoting *Slack*, 529 U.S. at 484).

14          With respect to petitioner's claims of ineffective assistance of counsel (Ground 2 of

15  his First Amended Petition), the Court finds that petitioner's appeal satisfies the standard set forth in

16  28 U.S.C. § 2253(c), as construed by the Supreme Court in *Slack* and *Miller-El*.

17          On the other hand, with respect to his claim that his sentence -- two consecutive terms

18  of life in prison without the possibility of parole -- is cruel and unusual in violation of the Eighth

19  Amendment (Ground 1 of his First Amended Petition), the Court finds that petitioner's appeal does

20  not satisfy the standard set forth in 28 U.S.C. § 2253(c).  Petitioner was convicted of a senseless and

21  heinous murder.  In the presence of his two young sons, and without any real reason, petitioner shot

22  and killed a woman whom he did not know, and who had simply offered the three of them a ride.  It

23  is beyond reasonable argument that the Nevada Supreme Court's ruling, under *Harmelin v.*

24  *Michigan*, 501 U.S. 957 (1991), that petitioner's sentence was not grossly disproportionate to the

25  severity of his crime, was not contrary to, or an unreasonable application of, Supreme Court

26  precedent.

2

1         **IT IS THEREFORE ORDERED** that petitioner's Application for Certificate of

2 Appealability (docket #31) is **GRANTED IN PART AND DENIED IN PART**.  The Application

3 for Certificate of Appealability is granted with respect to the following issue (Ground 2 of

4 petitioner's First Amended Petition for Writ of Habeas Corpus):

5         Whether the District Court erred in finding that the Nevada Supreme
        Court did not unreasonably apply clearly established federal law in

6         ruling that petitioner's counsel was not ineffective with respect to the
        investigation of his case, his guilty plea, and his sentencing?

7

8 In all other respects, the Application  for Certificate of Appealability is denied.

9         **IT IS FURTHER ORDERED** that the Clerk shall process petitioner's appeal.

10

11         Dated this   20th   day of February, 2008.

12

13                           *Edward C. Reed.*

14                         UNITED STATES DISTRICT JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

3